**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| LEVESTER HUNT, | * | |
| Petitioner, | * | CASE NO. 1:04-CV-62-3 (WLS) |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| | | CASE NO. 1:00-CR-10 (WLS) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

### Procedural History

Petitioner Hunt was indicted for conspiracy to possess with intent to distribute cocaine base, a/k/a "crack cocaine," in a Superseding Indictment (R-17) on August 16, 2000. He entered a guilty plea to the charged violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iii) and Title 18 U.S.C. § 2 on October 6, 2000. (R-36). Judgment was entered on the conviction and sentence on February 13, 2001. (R-39) Petitioner Hunt filed no appeal of his sentence or other collateral attack until May 8, 2004 when he signed his present Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (R-40). Petitioner Hunt's § 2255 Motion would be barred by the AEDPA statute of limitations contained in 28 U.S.C. § 2255 except for the fact that he has pled that he asked his attorney on the day that he was

sentenced to file an appeal of his sentence and that his attorney told him that he would file an appeal. Pursuant to *Montemoino v. United States,* 68 F. 3d 416, 417 (11th Cir. 1995), this Circuit follows the rule that:

> an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal. See e.g., *Gray v. United States*, 834 F. 2d 967 -68 (11th Cir. 1987). Absent an express waiver of the right to appeal his sentence, a defendant who pleads guilty and is sentenced under the Guidelines has a right to direct appeal of his sentence. See *United States v. Bushert*, 997 F. 2d 1343 (11th Cir. 1993).

Counsel was appointed to assist Petitioner Hunt and an evidentiary hearing was held to determine whether Petitioner had, in fact, made a sufficient request of his attorney after sentencing to warrant an out-of-time appeal, to enable the undersigned to make recommendations to the District Judge according to the findings.

Petitioner Hunt presented his sister, Ms. Timmie A. Hunt, at the hearing on November 2, 2005, who testified under oath and emphatically that she was present with Petitioner Hunt and his Attorney immediately after sentence had been pronounced and heard the conversation between Petitioner Levester Hunt and Attorney Mark Pickett. (R-55 at 12). Ms. Hunt testified that, immediately after being sentenced, Petitioner Hunt talked to the attorney about an appeal. (*Id.*).

 She said that she heard him ask for an appeal, and that Mr. Pickett said that he would file an appeal, and also that he would reduce his time, or try to reduce it. (*Id.,* at 13). She was

asked again if that conversation which she overheard was on the day of sentencing and she repeated that it was on that particular day, that her brother asked for an appeal, and that Mr. Pickett said that he would file it. (*Id.*). On cross-examination, Ms. Timmie A. Hunt, held steadfast to her position that her brother had asked for an appeal and that Attorney Pickett had said that he would file the appeal. She added that Mr. Pickett told them that he "guaranteed that it was a good case." (*Id.,* at 19).

Petitioner Levester Hunt testified at the hearing that he had in fact asked Attorney Pickett to appeal his sentence in the presence of his sister, Ms. Timmie A. Hunt, and that he asked Mr. Pickett to appeal his sentence on a career offender status on the upward departure. (*Id.*). He testified that there was no question in his mind that he had asked him to appeal right there in the courtroom. (*Id.,* at 30). On cross-examination, Petitioner Hunt was asked if he had asked Mr. Pickett to file an appeal based on what he perceived to be the upward departure, to which he answered that he had and that it was his testimony that Mr. Pickett had said that he would. (*Id.,* at 33).

The Government called Attorney Mark Pickett to testify. Mr. Pickett first testified when asked whether he had any conversation with the Defendant regarding his intent to have a notice of appeal filed:

> I don't recall any conversation with him about an appeal at all. Now, there was some post-sentence, potential for some post-sentencing activity in that this was a case where we had attempted arguing negotiations to getting him a 5K . . . That did not pan out by the time of sentencing. So we did discuss the possibility that he could follow up on that if anything actually came of it. That he could get a Rule 35 reduction of sentencing.

> I mean, it's not an appeal, but it was some post-sentence or post-conviction activity that could have happened.

(R-55 at 49, 50).   However, Attorney Pickett continued by saying:

> I don't specifically recall a conversation like that after sentencing. I know I would have discussed that with him because we pursued a 5K. I know, I'm certain I would have explained to him what he 5K ws, what the Rule 35 was, what the distinction was, that he could get a reduction in sentencing because of those things. Whether I had those conversations before or after sentencing, I don't specifically recall.

(*Id.,* at 50).   Attorney Pickett did not recall whether the Defendant specifically asked him to file an appeal on an upward departure in the case. (*Id.,* at 52). On cross-examination he was asked if it was possible that his client had asked him to file an appeal, and he answered, "I don't believe so." (*Id.,* at 58). He added, "I don't remember anything that went on. But I do know what I do in response to certain things." (*Id.,* at 59). Attorney Pickett continued:

> Well, and again, there was some postconviction activity anticipated in the form of a Rule 35. So in terms of the actual word appeal, in terms of the technical appeal, no. I don't believe that ever happened. Whether there was something said about this isn't over, we're going to do something after the fact. If he used the word to me, appeal, and I explained to him in response, now, we've talked, you know, he said you're going to pursue an appeal we talked about, I would have explained to him that's not an appeal, it's a Rule 35. But, and maybe that was overheard. He in no was asked me to pursue an actual appeal.

(*Id.,* at 61).   Attorney Pickett also testified that he did not go to visit Petitioner after sentencing. (*Id.,* at 63).

4

In *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 120 S.Ct. 1029, 1036 (2000) the Supreme Court held the following about the relationship between a request for an appeal and ineffective assistance of counsel:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant abut an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. (citation omitted)(focusing on the totality of the circumstances. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea agreement and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

Petitioner Hunt put forth positive evidence that he requested of his counsel an appeal of his sentence, even in view of the limited reservations for appeal in his plea-agreement-waiver of appeal. This positive evidence was unrefuted by his Attorney's vague and speculative recollection of a post-sentence discussion about further action. The record fails to demonstrate that Petitioner was not entitled to have a timely Notice of Appeal filed for whatever reason. From the foregoing this court should be moved to question whether counsel met his constitutional duty to consult fully with his client about an appeal, more particularly in view of the holding in *Montemoino v. United States,* 68 F. 3d 416, 417 (11th

5

Cir. 1995), that "an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, *even without a showing that there would have been any viable grounds for an appeal.*" (emphasis added).

Petitioner's positive evidence shows that he reasonably demonstrated to counsel that he was interested in appealing his sentence. Counsel's vague and speculative response fails to refute that. Furthermore, Counsel's admission that he did not contact Petitioner Hunt after sentencing, during the time in which a timely Notice of Appeal could have been filed, shows that Counsel failed in his constitutional duty to consult with his client about an appeal in violation of *Roe v. Flores-Ortega* and *Montemoino*, supra.

WHEREFORE IT IS RECOMMENDED that Petitioner Hunt's Motion To Vacate his Sentence pursuant to 28 U.S.C. § 2255 be GRANTED; that his sentence then be re-imposed; that Petitioner be advised of all rights associated with appeal from his criminal sentence re-imposed; and that, thereafter, he be advised that the time for filing a Notice of Appeal from his re-imposed sentence is ten (10) days. *See United States v. Phillips,* 225 F.3d 1198, 1201 (11th Cir. 2000). Pursuant to 28 U.S.C. § 636 (b)(1), the parties may file and serve written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 21st day of March 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE