IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | |
| v. | : | CASE NO.: 1:00-CR-10 (WLS) |
| | : | |
| LEVESTER HUNT, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Before the Court is a Motion for Reconsideration (Doc. 86) from Defendant Levester Hunt, who urges the Court to revisit its July 15, 2013 Order denying his request for a clerical amendment. In the motion, Hunt again asserts that he is entitled to a clerical amendment because his amended judgment should run from the date of his arrest, not from the date of the judgment. Hunt notes that, contrary to the Government's assertion, he was not serving on state parole violation prior to the imposition of judgment. Rather, his state parole was not revoked until he was convicted on the federal charges in this case.

Hunt is not entitled to relief. Regardless of whether Hunt was *then* serving a state sentence for parole violation prior to February 8, 2001, there appears to be no dispute that his time in custody prior to that date was later credited against a state sentence. Therefore, Hunt cannot receive credit for time served prior to February 9, 2001, because it was credited against a different sentence. *See* 18 U.S.C. § 3585(b). In any event, authority to calculate credit for time served is vested in the Attorney General, acting through the Bureau of Prisons, not the sentencing court. *United States v. Alexander*, 609

F.3d 1250, 1260 (11th Cir. 2010) (citing *United States v. Wilson*, 503 U.S. 329, 334 (1992)). And there is no evidence Hunt exhausted his administrative remedies.

The Motion for Reconsideration (Doc. 86) is therefore **DENIED**.

**SO ORDERED**, this      2nd   day of December, 2013.

                         /s/ W. Louis Sands  
                        **W. LOUIS SANDS, JUDGE**  
                        **UNITED STATES DISTRICT COURT**